1 | EMIL W. HERICH (State Bar No. 116783)
Email: eherich@kilpatricktownsend.com
2 | KILPATRICK TOWNSEND & STOCKTON LLP
9720 Wilshire Blvd PH
3 | Beverly Hills, CA 90212-2018
Telephone:  (310) 248-3830
4 | Facsimile:  (310) 860-0363

5 | Attorneys for Defendant
FACTORTRUST, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TOM HICKE,  )  Case No. **'15CV1977 WQHBLM**
            )
    Plaintiff,  )
            )  **FACTORTRUST, INC.'S**
   vs.      )  **NOTICE OF REMOVAL OF**
            )  **ACTION UNDER 28 U.S.C.**
FACTOR TRUST,  )  **§ 1441(A) FEDERAL QUESTION**
            )
    Defendant.  )
            )

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1141, and 1446, Defendant FactorTrust, Inc.[1] ("FactorTrust") by its attorneys and with full reservation of any and all defenses, objections, and exceptions hereby gives notice that the above-captioned action pending in the Superior Court of the State of California, County of San Diego, is hereby removed to the United States District Court for the Southern District of California.  In support of removal, FactorTrust respectfully states the following:

---

[1] The Complaint misidentifies FactorTrust as "Factor Trust."  The proper party, and the party filing this notice of removal, is FactorTrust, Inc.

-1-
NOTICE OF REMOVAL

## STATEMENT OF THE STATE COURT ACTION

1. On June 17, 2015, Plaintiff Tom Hicke ("Plaintiff") filed an action in the Superior Court of the State of California, County of San Diego, entitled Tom Hicke, Plaintiff, vs. Factor Trust, Defendant, as Case No. 37-2015-00020507-CU-NP-CTL (the "State Court Action"). FactorTrust is the only named defendant in the State Court Action. A copy of the complaint is attached hereto as Exhibit "A."

2. On August 4, 2015, Plaintiff served FactorTrust with a copy of the Complaint in the State Court Action.

3. The gravamen of Plaintiff's State Court Action is that FactorTrust allegedly violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a *et seq.*

## GROUNDS FOR REMOVAL – FEDERAL QUESTION

4. Plaintiff has alleged that FactorTrust is an "information furnisher" governed by the FCRA, Compl. ¶ 3, and that it furnished improper information about Plaintiff to one or more credit reporting agencies, *id.* ¶¶ 5, 7. From those allegations, Plaintiff asserts a single cause of action under the § 1681s-2(b) of the FCRA. *Id.* ¶ 15.

5. Federal courts have original jurisdiction of all cases that arise under federal law, 28 U.S.C. § 1331, and such cases are explicitly within this Court's removal jurisdiction. 28 U.S.C. § 1441(b) (providing that the courts have removal jurisdiction for any action which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States).

6. Such federal question jurisdiction exists where the complaint alleges a purported violation of federal law as an essential element of a cause of action. *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012) ("A case arise[es] under federal law within the meaning of § 1331 . . . if a well-pleaded

complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (alteration in original).

7. The operative trigger for whether a claim can be brought for violation of a federal statute is whether the statute contains a private right of action. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986). Congress created an express private right of action in the FCRA for consumers to enforce the Act's provisions. 15 U.S.C. §§ 1681n & 1681o; *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002).

8. Here, the State Court Action alleges on its face a violation of federal law. That claim under the FCRA is founded on the statute's private right of action for consumers. This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the State Court Action's removal under 28 U.S.C. § 1441 is necessary and appropriate.

9. Additionally, the FCRA specifically vests district courts with jurisdiction over any "action to enforce any liability created under [the FCRA]." 15 U.S.C. § 1681p. Because Plaintiff seeks to enforce liabilities created under the FCRA, this Court has express jurisdiction, per statute, over this case.

## **VENUE**

10. Venue is proper in this district under 28 U.S.C. § 1441(a) because it embraces the County where the State Court Action was filed and is pending.

## **TIMELINESS OF REMOVAL**

11. FactorTrust files this notice within thirty (30) days after its receipt by service of the Complaint in the State Court Action, in accordance with 28 U.S.C. § 1446(b). FactorTrust was served with the Complaint on August 4, 2015.

## **ATTACHMENT OF STATE COURT PLEADINGS**

12. FactorTrust has complied with 28 U.S.C. § 1446(a) by attaching all process, pleadings, and orders on file in the State Court Action collectively as

1 | Exhibits "A," "B," "C,", "D,", "E" and "F" which are the complaint, the
2 | summons, the civil cover sheet, the Notice of Case Assignment, the Alternative
3 | Dispute Resolution Information documents and the Notice of Eligibility to eFile
4 | and Assignment to Imaging Department, respectively.  The latter two Exhibits
5 | are not "pleadings, process and orders" but they were served on FactorTrust and
6 | are attached hereto out of an abundance of caution.

Respectfully submitted,

Dated:  September 3, 2015

KILPATRICK TOWNSEND & STOCKTON LLP

By:/s/ Emil W. Herich
   EMIL W. HERICH
Attorney for Defendant FACTORTRUST, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I hereby certify that I have served upon Plaintiff by mailing, postage prepaid, first class mail, a copy of such document as shown below:

**FACTORTRUST, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A) FEDERAL QUESTION**

at the address indicated below:

Todd M. Friedman
Suren N. Weerasuriya
Adrian R. Bacon
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212

/s/ Angelina Caviles
Angelina Caviles