COPY

Todd M. Friedman (216752)
Suren N. Weerasuriya (278521)
Adrian R. Bacon (2803332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorney for Plaintiff

FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION

15 JUN 17 PM 3 58

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN DIEGO
LIMITED JURISDICTION

TOM HICKE,

    Plaintiff,

-vs-

FACTOR TRUST,

    Defendant.

CASE NO.: 37-2015-00020507-CU-NP-CTL

COMPLAINT
(Amount Not to Exceed $10,000)
1. Violation of Fair Credit Reporting Act
2. Violation of California Consumer Credit Reporting Agencies Act

Jury Trial Demanded

BY FAX

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"), and the California Consumer Credit Reporting Agencies Act, *Cal. Civ. Code* §1785.25, et seq. ("CCCRAA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.

///

1

## II. PARTIES

2. Plaintiff, Tom Hicke ("PLAINTIFF"), is a natural person residing in San Diego County, in the state of California, and is a "consumer" as defined by 15 U.S.C. §1681a and *Cal. Civ. Code* §1785.3(a).

3. At all relevant times herein, Defendant Factor Trust (hereinafter "DEFENDANT") regularly provided information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA. At all relevant times, DEFENDANT was a "person" as that term is defined by 15 U.S.C. §1681a(b) and §1785.3(j).

4. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

## III. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's credit report. Defendant alleges that Plaintiff still owes a past due balance on an alleged outstanding debt. However, the reporting for the accounts is not current or accurate and dates back to 2010 and 2011. Also, Plaintiff has since paid off the debts, yet this is not reflected in his credit report either.

6. In 2010 and 2011, Plaintiff had accounts with Ace Cash Express. The accounts ended in -6128 and -2555. Plaintiff has paid these off but Defendant is reporting the accounts as "charged off" on his credit report.

7. Further, Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f) and *Cal. Civ. Code* §1785.3(d).

8. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

2

9. As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score on the credit report produced by Defendant decreased.

10. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

11. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

12. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and
   b. Decreased credit score which may result in inability to obtain credit on future attempts.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

15. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,
   b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

///

16. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

17. Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

18. As a result of the above violations of the FCRA and CCCRAA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees; and,
    D. For such other and further relief as may be just and proper.

///

///

4

## COUNT II: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

22. Plaintiff incorporates by reference all of the proceeding paragraphs.

23. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

24. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

25. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

26. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

27. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorney's fees;

(d) For such other and further relief as the Court may deem just and proper.

5

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 17th day of June, 2015.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

6